## EUGENE CORSINI *vs.* GASPEE TRANSPORTATION COMPANY, INC.

JUNE 16, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an original petition under the workmen's compensation act, general laws 1938, chapter 300, brought by an employee against his employer to recover compensation. After a hearing the superior court denied and dismissed the petition and from the entry of a decree to that effect the petitioner duly prosecuted his appeal to this court.

He alleges in his petition that on September 7, 1945 while employed as a truck driver by the respondent he received a "Back injury and injury to other parts of his body" arising out of and in the course of his employment. Respondent contests his claim for compensation and denies liability under the act. The decree appealed from contains the following finding by the superior court: "The petitioner did not sustain any personal injury by accident arising out of and in the course of his employment by the respondent as alleged in his petition."

It appears from the evidence that on the date in question the petitioner, who was then about thirty years of age, had backed a large trailer truck which he was operating for the respondent up to the loading platform of the H. P. Hood & Sons in Providence. The platform was some eight or nine inches lower than the floor of the truck and a plank known as a skid or runner was placed from the platform to the vehicle so that articles could be moved from one to the other. The petitioner had no helper but was assisted in loading the truck by two employees of H. P. Hood & Sons.

In performing that work it became necessary to push a "dolly," which is a low truck without sides and with four small wheels, upgrade along the said plank leading from the platform into respondent's truck. At that time the dolly was loaded with thirty-six cases of bottles half of which were filled with milk and the remainder with orangeade. The cases were piled on the dolly to a height of between five and six feet, and each case of orangeade, containing thirty full half pint bottles, weighed about sixty pounds.

In attempting to get the loaded dolly into the truck one of the employees of H. P. Hood & Sons was in that vehicle in front of the dolly guiding it up the plank. The other employee of that company and the petitioner were behind the dolly, one on each side in a bent over position pushing it with their shoulders. While the men were thus engaged two full cases of orangeade fell from the top of the dolly breaking many bottles and scattering their contents. Petitioner testified in substance that these two cases in falling struck him on the shoulder and lower back on his left side injuring him and causing him such pain that he had to stop work for about twenty minutes. One of the above-mentioned employees of H. P. Hood & Sons testified that he saw the two cases after they had fallen but did not see them fall or strike petitioner; that the latter complained of being hit by them and also of pain; and that he rested for some appreciable time while the witness swept up the broken glass. The other employee of that company did not testify.

After the truck was loaded, in which operation petitioner assisted to some extent, he drove it to Woonsocket where it was unloaded with his help and then he returned it to Providence. It is not disputed that thereafter he worked regularly without a helper every day up to and including September 16. During that period he operated the truck on runs out of Providence and helped handle heavy loads including such articles as oil drums weighing 500 pounds

or more, barrels, heavy boxes of different materials, large quantities of milk and on several days he worked thirteen or fourteen hours. Between September 17 and 23 inclusive petitioner did not work.

On September 22 he went to the respondent's office and received his pay for the last week in which he had worked and at that time, according to evidence for respondent, he made a statement that he had a cold. He worked again on September 24 but on the next day he asked respondent's bookkeeper if he was to be paid for the week that he was out. On receiving a negative answer he talked with respondent's manager who criticized him for certain alleged conduct, whereupon, according to testimony of the manager and the bookkeeper, he stated that he would go on compensation. Since that time he has not worked for respondent.

Petitioner testified in substance that although he worked for respondent after September 7 he was suffering severe pain in his lower back at all times and that was the reason for his failure to work subsequent to September 24. He made no complaint, however, that any other part of his body was injured by the alleged accident. The evidence also shows that he worked as a barber from December 4, 1945 to January 19, 1946 but did not continue because he claimed that the constant standing caused pain in his back. He also did light work from October 1 to November 9, 1946 at the Valley Polishing Company, a concern owned and operated by his brothers. Petitioner admitted that on January 12, 1945, prior to being employed by the respondent, his back was injured in an automobile accident causing him to be out of work twelve weeks but he stated that he was completely cured from the effects of that occurrence.

It appears from the evidence that on September 12, 1945 petitioner consulted his own doctor who previously had treated him for the automobile accident. The latter testified in substance that, after receiving from petitioner a history of being struck by a falling case on the left side

of his back over the lower ribs and across the lumbar sacral region, an examination disclosed spasm of the back muscles, some limitation of forward, lateral and backward bending, and a slight swelling of the right leg and thigh. The petitioner also complained of pain radiating down that leg. The doctor strapped the patient who from time to time thereafter up to September 26, 1946 received diathermic treatments and a belt was prescribed. The witness testified that he saw no bruise or contusion on petitioner's back.

The evidence also discloses that on September 25 petitioner was examined on behalf of the respondent by Dr. William A. Horan, an orthopedic specialist. He testified that he received a history that petitioner had been struck on the back by a falling case but there was no reference to any previous illness or accident. Petitioner complained of having pain at times in his entire back chiefly above the waistline. An examination was made including the taking of X rays. The doctor testified that the result thereof including the X rays was entirely negative. He stated that from the standpoint of muscle or ligament structure and the bony structure over petitioner's back there was no condition that would account for any incapacity; that he found no muscle spasm whatever; that the spinal muscles were normal; and that there was no complaint of pain in the right leg.

On November 14 petitioner was examined by Dr. Roland Hammond who had been appointed an impartial examiner by the department of labor. He received substantially the same history which had been given to the other two doctors, except that a reference to loss of weight was added. He examined petitioner and took X rays which also proved to be negative. Doctor Hammond testified that he found spasm in petitioner's back muscles on the left side, some stiffness in the right hip, some limitation in the back and hip movements and a complaint by petitioner of pain radiating down his right leg over the sacroiliac joints and

over the bones in the lumbar region. The witness stated that from the history he believed that petitioner's spine had been injured by the blow which he received on the back, causing a strain of the joints particularly of the lumbar spine and resulting in limitation of motion and muscular spasm. In his opinion petitioner would be incapacitated until a brace in place of a belt was applied.

It is clear that the testimony presented factual questions for the determination of the trial justice. For that reason we have set out the evidence rather fully. In making his decision he stated that the case had puzzling features; that it was not possible to reconcile all the testimony; and that the question was whether petitioner was injured by the falling of the cases. The trial justice finally concluded that petitioner had not sustained the burden of showing that the occurrence of September 7 was the cause of the injury from which he contended he was suffering and on which his claim for compensation was based.

In reviewing the evidence, and obviously in an attempt to explain or reconcile the contradictory testimony respecting petitioner's physical condition, the trial justice suggested that possibly something had happened to petitioner between September 25 and November 14, even without his knowledge, fully recognizing that there was no direct evidence on that point. It is clear, however, that he did not rest his decision on any finding to that effect but after consideration chose to follow the testimony of Dr. Horan and other relevant evidence rather than that of Dr. Hammond.

Petitioner argues that the decision of the trial justice was against the law. We are unable to agree with that contention. We find that he did not misconceive or overlook any of the evidence and in the circumstances we are of the opinion that his above-mentioned reference in regard to a possible happening to the petitioner between September 25 and November 14, not being used as the real basis of his decision, does not constitute an error of law. The case of *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325, relied

on by petitioner in this connection, in our judgment is not controlling and is distinguishable from the instant case on its facts and on the issue then before the court.

We have hereinbefore quoted the determinative finding of fact in the decree appealed from. The trial justice in effect decided that petitioner did not prove a causal connection between his alleged injury and the happening of September 7 when the cases fell and thus did not suffer a compensable injury as a result of that occurrence. It is settled that if there is legal evidence to support such finding it is conclusive in the absence of fraud, and none is claimed herein. G. L. 1938, chap. 300, art. III, §6. *Colaluca* v. *George A. Fuller Co.*, 74 R. I. 62.

In our opinion there is such legal evidence in this case. It is found in the positive testimony of Dr. Horan as a result of his examination made not long after September 7 and in reasonable inferences which the trial justice was entitled to draw from other pertinent testimony. Such testimony relates to the petitioner's conduct in continuing for an appreciable time to do heavy work after the alleged accident; to circumstances in connection with the termination of his employment; to statements about his having a cold; and to his failure to inform Doctors Horan and Hammond about the previous automobile accident in which his back was injured. In view of the presence of such legal evidence the finding and decision of the trial justice cannot be disturbed by us.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Knauer & Knauer,* for petitioner.

*James B. Linehan,* for respondent.